IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

In re:

ERICKSON RETIREMENT   BANKRUPTCY No.: 09-37010-sgl1
COMMUNITIES, LLC, et al.   (Bankr. N.D. Tex.)

　　　　Debtors

DAN LAIN, Trustee

　　　　Plaintiff,

　　　　v.   CIVIL NO.: WDQ-11-3736

JOHN C. ERICKSON, et al.,

　　　　Defendants.

MEMORANDUM OPINION

Dan Lain, the appointed trustee in the above-captioned Chapter 11 bankruptcy action, sued John C. Erickson and others[1] (collectively "the defendants") for breach of contract and other claims. For the following reasons, the defendants' motion to

---

[1] They are: Nancy A. Erickson, Andrea Erickson Wilhelm, Craig A. Erickson, Mark R. Erickson, Michael J. Erickson, Scott Erickson, Paul L. Erickson, as Trustee of the 2002 John C. Erickson GST Trust, Cynthia A. Plungis, as Trustee of the 2002 John C. Erickson GST Trust, Paul L. Erickson, as Trustee of the 2002 Nancy A. Erickson GST Trust, Cynthia A. Plungis, as Trustee of the 2002 Nancy A. Erickson GST Trust, The Baltimore Community Foundation, Inc., William R. Brody, George Comfort, Gerald F. Doherty, Jeffrey W. Ferguson, Bruce R. "Rick" Grindrod, Jr., David Horrocks, Jeffrey A. Jacobson, Harry Kraemer, Jr., Robert J. Lambrix, Earl Linehan, Peter B. McMillan, Scott D. Miller, Daniel K. O'Brien, James W. Pryde, Jr., Morton I. Rapoport, M.D., Sherrie L. Rovnan, and Maryam Wehe. *Lain v. Erickson*, No. 11-ap-0904, ECF No. 2 at 1 (Bankr. D. Md.).

withdraw the Court's reference to the Bankruptcy Court will be granted; Lain's motion for leave to file a surreply will be denied.

I. Background

On October 9, 2009, Erickson Retirement Communities, LLC, Erickson Group, LLC, and several subsidiaries of those companies (collectively "the debtors") sought protection under Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the Bankruptcy Court for the Northern District of Texas. ECF No. 4 at 1 n.1, ¶6. On April 16, 2010, a reorganization plan was confirmed; shortly thereafter, Lain was appointed as trustee to administer the plan. Id. ¶6.

On June 2, 2011, Lain filed in the Texas Bankruptcy Court a 13 count complaint against the defendants alleging that they had siphoned off the debtors' assets for personal use. The complaint alleged nine counts under the Maryland code or Maryland common law (counts 1-9), three counts of fraudulent transfers (counts 10-12), under 11 U.S.C. §§ 544-551, and one count of avoidable preferences, under 11 U.S.C. §§ 547, 550 (count 13).[2] On August 9, 2011, the defendants moved to dismiss the complaint. ECF No. 4 ¶14. On October 12, 2011, the Texas Bankruptcy Court transferred the adversary action to the

---

[2] *Lain v. Erickson*, No. 11-ar-0904-RAG, ECF No. 2 ¶¶110-86 (Bankr. D. Md.).

2

District of Maryland. *Id.* ¶18. Under Local Rule 402, the action was automatically referred to the Bankruptcy Court for District of Maryland.

On December 28, 2011, most of the defendants moved to withdraw the reference.[3] ECF No. 1. On January 17, 2012, Paul L. Erickson and Cynthia A. Plungis, who were sued as Trustees of the 2002 John C. Erickson GST Trust and 2002 Nancy A. Erickson GST Trust, moved to join the motion.[4] ECF No. 3. Lain opposed the motion to withdraw reference, ECF No. 4, and the defendants[5] filed a reply in support of their motion, ECF No. 9.

Lain moved for leave to file a surreply. ECF No. 17. The defendants opposed the motion. ECF No. 18.

II. Analysis

    A.   Lain's Motion for Leave to File a Surreply

Lain has moved for leave to file a surreply to the defendants' reply in support of the motion to withdraw the reference. ECF No. 17. He argues that the defendants raised new assertions and "misstat[ed] the factual record" in their

---

[3] Paul L. Erickson and Cynthia A. Plungis--who were sued as Trustees of the 2002 John C. Erickson GST Trust and 2002 Nancy A. Erickson GST Trust--George Comfort, Jeffrey W. Ferguson, David Horrocks, Scott D. Miller, and James W. Pryde, Jr. did not move to withdraw. *See* ECF No. 3 at 1 (listing movants).

[4] The unopposed motion to join will be granted.

[5] The Court will refer to the moving defendants as "the defendants."

reply brief. *Id.* at 1. The defendants counter that their reply brief raised no new issues, and a surreply is an improper means of addressing alleged misstatements and new authority. ECF No. 18 at 3.

Unless otherwise ordered by the Court, a party generally may not file a surreply. Local Rule 105.2 (a) (D. Md. 2011). Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Misrepresentations are not "matters presented for the first time." *Id.* at 606.[6]

Lain contends that he should be permitted to file a surreply because (1) the defendants "have not adequately addressed relevant case law," (2) he wants to "address a new opinion issued after" the reply was filed, and (3) the defendants made a "new assertion that a non-core claim cannot have a statutory predicate in the Bankruptcy Code."[7] ECF No. 17 at 2 (internal quotation marks omitted).

---

[6] *Citing Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion [for leave to file a surreply].").

[7] Lain's motion also mentions "several misstatements of the factual record and the law," but he did not identify the alleged misstatements in the motion. *See* ECF No. 17 at 1.

4

Lain's first two arguments are not properly addressed in a surreply. *See Khoury*, 268 F. Supp. 2d at 605.[8] The defendants did not make a "new assertion" by discussing non-core issues; Lain raised that matter in his response. *See* ECF No. 4 ¶17. The argument about that issue does not justify a surreply. *Khoury*, 268 F. Supp. at 606 (when party raised an issue for the first time in his opposition, he was not entitled to file a surreply to address the other party's response). Lain will not be permitted to file a surreply.

B. Statutory Authority for Withdrawing Reference

Federal District Courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), District Courts may refer "any or all proceedings arising under [or related to] title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(d) governs mandatory and permissive withdrawals of refer-

---

[8] Lain's reliance on *Danner v. Int'l Freight Syss. of Wash., LLC*, No. 09-3139-ELH, 2012 WL 627984, *1 n.5 (D. Md. Feb. 23, 2012), in which Judge Hollander granted, *nunc pro tunc*, leave to file a surreply "so as to permit plaintiffs to address [a] case . . . which the . . . [d]efendants did not cite until their reply" is not helpful. *Id.* In *Danner*, the parties filed cross-motions for summary judgment. The plaintiffs' reply was "in essence . . . both a reply [to their motion for summary judgment] and a surreply [opposing the defendants' motion for summary judgment]." *Id.* Accordingly, the circumstances there are not comparable to this case.

ence. The District Court may withdraw a reference "for cause shown." *Id.* § 157(d).

Bankruptcy judges may "hear and determine . . . all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). For non-core proceedings, the bankruptcy judge "shall submit proposed findings of fact and conclusions of law to the District Court, and any final order or judgment shall be entered by the district judge." *Id.* § 157(c)(1). Core proceedings include, among other things, proceedings to avoid or recover preferences and proceedings to determine or recover fraudulent conveyances. 28 U.S.C. § 157(b)(2).

C. *Stern* and *Granfinanciera*

The parties dispute whether fraudulent transfer and preference actions are "made of the stuff of the traditional actions at common law" that may not be finally determined by the Bankruptcy Court. ECF No. 4 ¶26; ECF No. 9 at 4.

Under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), bankruptcy judges may not determine core proceedings if doing so requires the exercise of powers reserved to Article III courts: "[w]hen a suit is made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." 131 S. Ct. at 2609 (internal quotation marks and

citation omitted). In *Stern*, the Supreme Court held that Article III requires the District Court to adjudicate a counterclaim for tortious interference, though Congress had authorized Bankruptcy Courts to adjudicate them as core claims. *Id.* at 2600-01. The *Stern* Court noted that, "like the fraudulent conveyance claim at issue in *Granfinanciera*," the counterclaim at issue fell within the Seventh Amendment's right to a jury trial. *Stern*, 131 S. Ct. at 2614.

Like a claim for tortious interference, a petitioner "would have had to bring his action to recover an alleged fraudulent conveyance of a determinate sum of money at law in 18th-century England, . . . a court of equity would not have adjudicated it." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 46 (1989).

Accordingly, *Stern* and *Granfinanciera* compel the conclusion that fraudulent conveyance claims must be finally decided by Article III courts, not Bankruptcy Courts.[9]

---

[9] In *dicta*, the *Stern* court noted that the debtor's counterclaim was distinguishable from avoidable preference actions, which the Supreme Court had earlier held did not invoke a constitutional right to jury trial, because the counterclaim was "in no way derived from or dependent upon bankruptcy law." 131 S. Ct. at 2618 (citing *Katchen v. Landy*, 382 U.S. 323 (1966); *Langenkamp v. Culp*, 498 U.S. 42 (1990) (per curiam)). This *dicta* supports the conclusion that the right to a jury trial is determinative of whether Article III judges must adjudicate a proceeding, as the Supreme Court distinguished *Katchen* and *Landy* on the basis of the claim, not because they were determined under Seventh Amendment instead of Article III analysis. *See* 131 S. Ct. at 2618; *In re El-Atari*, No. 11-1090, 2011 WL 5828013, *2 (E.D. Va. Nov. 18 2011) ("*Stern*, together with *Granfinanciera*, clearly

D. Discretionary Withdrawal

The Court has "broad discretion" to decide whether a reference should be withdrawn. *In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002). The Court considers relevant factors, including (1) whether the matter is a core proceeding, (2) promotion of uniformity in bankruptcy administration, (3) forum shopping, (4) conservation of resources, (5) expediency of the bankruptcy proceeding, and (6) the likelihood of a jury trial. *See id.* at 303; *In re EquiMed, Inc.*, 259 B.R. 269, 273 (D. Md. 2001).

The defendants seek discretionary withdrawal because most of the issues involve non-core proceedings, Lain has demanded and is entitled to a jury trial, and judicial economy will not be served by keeping the action in the Bankruptcy Court. ECF No. 1-1 at 12-15; ECF No. 9 at 5-8. Lain contends that some core proceedings remain; keeping the matter in the Bankruptcy Court will promote uniformity in bankruptcy administration, judicial economy, and efficient use of party resources; avoiding forum shopping favor maintaining the reference; and the jury

---

supports the conclusion that the authority to issue a final decision in a fraudulent conveyance action is reserved for Article III courts); *In re Lyondell Chem. Co.*, No. 11-8445, 2012 WL 1038749, *8 (S.D.N.Y. Mar. 29, 2012) ("The *Stern* Court . . . makes no mention of the differing legal context[]" of *Granfinanciera*.). Lain's argument that *Stern* does not affect the status of fraudulent conveyance proceedings, ECF No. 4 ¶24, is unpersuasive.

8

demand alone is insufficient to show cause for withdrawing the reference. ECF No. 4 at 11.

1.  Non-Core Proceedings

This factor asks if the Bankruptcy Court may hear and decide the proceeding, or must submit proposed findings to the District Court.[10]  When the claims are non-core, this factor favors withdrawing the reference; "the presence of core proceedings strongly militates against the withdrawal of the reference, [but] it is not dispositive."  *In re O'Brien*, 414 B.R. 92, 98 (S.D.W. Va. 2009); *see also In re El-Atari*, No. 11-1090, 2011 WL 5828013, *5 (E.D. Va. Nov. 18 2011).

Lain's complaint includes nine non-core claims, three fraudulent conveyance claims which are core but must be decided by the District Court, and one avoidable preferences claim which may be decided by the Bankruptcy Court or the District Court. Compl. ¶¶110-86.  As almost all of the claims in the complaint must be adjudicated by the District Court, this factor favors withdrawing the reference.  *See In re O'Brien*, 414 B.R. at 98.

---

[10] *See Stern*, 131 S. Ct. at 2620 (U.S. Const. Art. III pre-empts conflicting statutory determination of core/non-core proceedings); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011) (after *Stern*, court should consider whether Bankruptcy Court has the final power to adjudicate the proceeding, rather than whether there is a core proceeding).

2. Promotion of Uniformity in Bankruptcy Administration, Conservation of Resources, and Expediency of the Bankruptcy Proceeding

The "purpose of establishing a nationwide bankruptcy system is to alleviate the district courts of excessive workloads and to provide a system where judges with experience and expertise in bankruptcy matters can handle bankruptcy claims." *In re Jaritz Indus., Ltd.*, 151 F.3d 93, 107 (3d Cir. 1998). Uniformity of administration is achieved when Bankruptcy Courts handle--at least initially--matters with factual and legal issues in common with the bankruptcy action. *See In re El-Atari*, 2011 WL 5828013, *6.

When the Bankruptcy Court handling the adversary proceeding is also handling the bankruptcy proceeding, "[e]ven if [a] fraudulent conveyance action does not have the qualities of a core bankruptcy proceeding, there is still significant value in having the bankruptcy court preside over preliminary legal and discovery issues in a proceeding that is related to th[e] bankruptcy action" when the dispute is "but one" of many actions having common issues with the bankruptcy proceeding. *Id.*

Here, the Chapter 11 proceeding is in the Bankruptcy Court for the Northern District of Texas; the Bankruptcy Court for the District of Maryland would consider only the adversary proceeding, and the adversary proceeding will have no effect on the progress of the Chapter 11 proceeding. ECF No. 1-1 at 6; ECF

No. 4 ¶18. Lain will have to litigate in two forums even if the reference is not withdrawn. No party resources will be saved by keeping the matter in the Bankruptcy Court for the District of Maryland; hearing the proceeding in the District or Bankruptcy Court for the District of Maryland will not affect the uniformity of administration or expediency of the proceedings. These factors favor withdrawing the reference.

      3.    Forum Shopping

The Court will not grant a motion to withdraw a reference if it was filed because the movant seeks a new forum because it is "[d]issatisfied with actions taken by the Bankruptcy Court." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, No. 95-2241-H, 2000 WL 1074304, *6 (D. Md. Jul. 24, 2000).

The Bankruptcy Court for the District of Maryland has made no substantive rulings in the adversary proceeding. *See Lain v. Erickson*, No. 11-ap-0904 (Bankr. D. Md.) docket report. Accordingly, there is no indication that the defendants are engaging in forum shopping. This factor favors withdrawing the reference.

      4.    Demand for Jury Trial

A party's demand for a jury trial does not necessarily affect the decision to withdraw a reference, because the District Court may "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial

11

conferences, and other matters short of the jury selection and trial." *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993). The question becomes one of "efficient case administration[, rather] than a strictly legal decision." *Id.*

Here, keeping the matter in the Bankruptcy Court will not improve the efficiency of the case's administration, as that court is not handling potentially related issues in the Texas based Chapter 11 proceeding. ECF No. 1-1 at 6; ECF No. 4 ¶18. Maintaining the reference would more likely be a "futile detour, requiring substantial duplication of judicial effort." *In re Stansbury Poplar Place*, 13 F.3d at 128. Accordingly, this factor favors withdrawing the reference.

    5.    Balancing the Factors

No factor favors keeping the adversary proceeding in the Bankruptcy Court for the District of Maryland; most favor withdrawing the reference. Accordingly, the Court will grant the motion and withdraw the reference.

III. Conclusion

For the reasons stated above, the defendants' motion to withdraw the reference to the Bankruptcy Court will be granted; Lain's motion for leave to file a surreply will be denied.

_5/31/12_  
Date

_[signature]_  
William D. Quarles, Jr.  
United States District Judge

12